UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

EDWARD MELHEM,

        Plaintiff,

        v.

PELLA CORPORATION and
GUNTON CORPORATION,

        Defendants.

No. 5:18-cv-02007

**O P I N I O N**

**Defendant Pella Corp.'s Motion to Dismiss, ECF No. 4 – Granted as unopposed**

**Joseph F. Leeson, Jr.**                                                       **July 11, 2018**
**United States District Judge**

      Plaintiff Edward Melhem commenced this action in the Court of Common Pleas of Lehigh County in January 2018 by filing a Writ of Summons naming Pella Corporation and Gunton Corporation as Defendants. *See* Notice of Removal Ex. B, ECF No. 1. Melhem subsequently filed a Complaint against Pella and Gunton in March 2018. *See* Notice of Removal Ex. A. In the Complaint, Melhem alleges that in December 2012 he purchased a property in which Pella windows and doors had been installed. Compl. ¶¶ 6-10. He alleges that "[f]ollowing his purchase, [he] observed window and door leakage due to the significant rotting seen in the windows/doors," which, "upon inspection," he believes was caused by defects in the windows and doors. Compl. ¶¶ 11-13.

Pella removed the case to this Court on May 11, 2018.[1] Ten days later, on May 21, Pella filed the present motion to dismiss Melhem's Complaint for failure to state a claim, contending that it is clear from the face of the Complaint that Melhem's claims were filed well beyond Pennsylvania's two-year statute of limitations for product defect claims and that, moreover, his claims have been abolished by Pennsylvania's twelve-year statute of repose for construction defects.[2] Pella Mot. Dismiss, ECF No. 4.

Melhem failed to respond to Pella's motion within the fourteen days, as required by Local Rule of Civil Procedure 7.1(c). On July 2, 2018, this Court entered an order directing Melhem to file a response to Pella's motion no later than July 9, 2018, and stating that if he failed to do so, Pella's motion might be granted as uncontested without further notice under Local Rule 7.1(c). *See* E.D. Pa. Local R. Civ. P. 7.1(c) ("In the absence of timely response, [a] motion may be granted as uncontested except as provided under Fed. R. Civ. P. 56."). Melhem again failed to file a response.

In *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991), the United States Court of Appeals for the Third Circuit held that a motion to dismiss should not be granted simply because it is unopposed. However, the court did not preclude dismissal based upon an unopposed motion after adequate warning:

> We do not suggest that the district court may never rely on the local rule to treat a motion to dismiss as unopposed and subject to a dismissal without a merits analysis. There may be some cases where the failure of a party to oppose a motion

---

[1] Pella states that it has no record or information that Gunton has been served with the Complaint, and Melhem has not filed an Affidavit of Service as to Gunton.

[2] Pella points out that the deed attached to Melhem's Complaint reflects that the prior deed involving the builder (from whom Melhem purchased the property) was dated December 16, 2004, and recorded January 26, 2005. On this basis, Pella contends that it is "apparent that construction of the subject residence was complete, including installation of the windows, by December 2004," and that, pursuant to Pennsylvania's twelve-year statute of repose, Melhem's claims were extinguished by December 2016. Pella Mot. Dismiss ¶ 32.

> will indicate that the motion is in fact not opposed, particularly if the party is represented by an attorney and in that situation the rule may be appropriately invoked. Nor do we suggest that if a party fails to comply with the rule after a specific direction to comply from the court, the rule cannot be invoked.

*Id.*

Melhem, who is represented by counsel, has now had fifty-one days to respond to Pella's motion to dismiss and, as discussed above, was advised by the Court's July 2, 2018 order that failure to file a response to Pella's motion could result in dismissal under Local Rule 7.1(c). As no response has been filed, "[i]t thus appears that [Melhem] no longer wishes to pursue this action." *See Biddle v. Grandview Hosp.*, No. CIV.A. 14-06614, 2015 WL 3536595, at *2 (E.D. Pa. June 5, 2015) (dismissing as uncontested a motion to dismiss against a represented party). "The district courts may *sua sponte* grant a motion as uncontested." *Id.; see Kabacinski v. Bostrom Seating, Inc.*, 98 F. App'x 78, 82 n.4 (3d Cir. 2004) ("Local Rule 7.1(c) does not require a motion to grant another motion as uncontested."). Due to Melhem's failure to oppose Pella's motion to dismiss, the Court grants the motion as unopposed without a merits analysis. *See Kabacinski*, 98 F. App'x at 82 ("If Kabacinski missed this new deadline, Local Rule 7.1(c) gave the District Court the power to grant Bostrom's motion as uncontested."); *see also* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."). A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge